Nicholas J. Henderson
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Proposed Attorneys for Debtor
Earth Class Mail Corporation

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

In re

Earth Class Mail Corporation,

　　　　　　　Debtor.

Case No. 15-30982-tmb11

DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

EXPEDITED HEARING REQUESTED

　　　Earth Class Mail Corporation (the "Debtor"), as debtor in possession moves the Court (the "Motion") pursuant to Sections 105(a), 345(b), 363 and 553 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order: (a) authorizing the Debtor's current bank accounts (the "Bank Accounts") and continued use of existing business forms and checks; (b) authorizing, but not directing, continued use of existing cash management system; (c) waiving certain investment and deposit guidelines of Section 345 of the Bankruptcy Code and of the Office of the United States Trustee (the "Guidelines") on an

PAGE   1-   DEBTOR'S MOTION FOR AUTHORIZATION TO USE
　　　　　　EXISTING BANK ACCOUNT FOR PAYMENT CARD
　　　　　　COLLECTIONS AND FOR RELATED RELIEF

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

interim and final basis;[1] and (d) providing any additional relief required in order to implement the foregoing.  In support of this Motion, the Debtors respectfully state as follows:

**Background**

1. On February 27, 2015 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

2. The Debtor is an Oregon corporation headquartered in Beaverton, Oregon.  The Debtor is the leading commercially available on-line postal mail solution for consumers and small businesses to manage inbound postal mail, including mail scanning, check depositing and parcel forwarding.  The Debtor is taxed as a C corporation for federal income tax purposes.

3. The Debtor's primary objective in this Chapter 11 case is to sell its business as a going concern through a section 363 sale process as soon as is practical.

4. Additional background information about the Debtor is contained in the declaration of Stacey Lee filed in support of the Debtor's first day motions.

5. Prior to the commencement of this Chapter 11 case, the Debtor maintained its bank accounts at U.S. Bancorp and Comerica Bank.  It is also a counterparty to agreements with payment card processing companies, including Litle & Co and American Express (the "Payment Card Processors"), to facilitate the collection of customer card payments. All of the Debtor's customers pay for their purchases using a credit card, debit card, PayPal account or similar electronic payment method. Consequently, the Debtor does not collect funds directly from customers but from the Payment Card Processors.  Under their agreements with the Debtor, the

---

[1] The Guidelines were issued in order to assist the U.S. Trustee in supervising the administration of Chapter 11 cases.  Such Guidelines require Chapter 11 debtors to, among other things, do the following:
a. Close all existing bank accounts and open new accounts which must be designated debtor-in-possession bank accounts;
b. Establish and maintain separate debtor-in-possession accounts for the payment of taxes and separate debtor-in-possession accounts for cash collateral; and
c. Obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" and contain certain other information related to the Chapter 11 case.

PAGE  2-  DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

Payment Card Processors periodically remit payment to the Debtor, less their processing fee, via ACH transfer to bank accounts designated by the Debtor. In these relationships, the Debtor functions as the merchant while the Payment Card Processors are themselves responsible for collecting payment from each customer. Under the terms of these agreements, the Debtor is obligated to pay processing fees, periodic service charges and other fees to participating banks and is responsible for all chargebacks under the payment cards (including charges associated with lost or damaged goods, customer complaints and similar disputes) (collectively, the "Payment Card Obligations").

6. On the Petition Date, the Debtor was liable to the Payment Card Processors for certain accrued Payment Card Obligations, some of which are contingent and unliquidated (collectively, the "Prepetition Payment Card Obligations"). The Debtor estimates that the total amount of the Prepetition Payment Card Obligations is unlikely to exceed $1,000.

### Jurisdiction

7. This Court has jurisdiction over this matter pursuant to 28 USC § 157 and 1334 and LR 2100.1. Consideration of this motion constitutes a core proceeding within the meaning of 28 USC §§ 157(b)(2)(A) and (G). The statutory predicates for the relief sought by this motion are sections 105, 362, 363, 549 and 1108 of the Bankruptcy Code. Venue is proper under 28 USC § 1408.

### Relief Requested

8. By this motion, the Debtor seeks entry of an order allowing the Debtor to (a) continue to use the Bank Accounts under existing account numbers without interruption; (b) maintain its Cash Management System in substantially the same form as described in the Motion; (c) implement ordinary course changes to its Cash Management System; and (d) open and close bank accounts; provided, however, that (i) Debtor gives notice to the Office of the United States Trustee and any official committee appointed in this Chapter 11 case prior to

PAGE  3-  DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

opening or closing a bank account, and (ii) any such action is not prohibited by any other agreement Debtor may be a party to. Any new domestic bank account opened by Debtor shall (a) be opened at a bank that has an executed a uniform depository agreement on file with the Office of the United States Trustee for the District of Oregon or at a bank that is willing to execute such an agreement, and (b) be established at an institution insured by the FDIC or the FSLIC and that is organized under the laws of the United States or any state therein. The Debtor further requests (i) that the Court hold an expedited hearing on this motion and find that the relief sought by this motion is necessary to avoid immediate and irreparable harm to the estate, (ii) that the order on this motion be entered as soon as is reasonably practical, notwithstanding the 21-day period otherwise provided in Bankruptcy Rule 6003(b), and (iii) that the order on this motion become effective immediately upon its entry, notwithstanding the 14- day stay otherwise provided in Bankruptcy Rule 6004(h). A proposed form of order is attached as **Exhibit A**.

**Points and Authorities**

9. The Office of the United States Trustee has established certain operating guidelines for debtors in possession. These guidelines require, among other things, that a Chapter 11 debtor close all existing bank accounts and open new DIP bank accounts. The Debtor seeks a waiver of any requirement that it close its Bank Accounts. Absent this relief, the Debtor would suffer significant disruption and delay in collecting revenues from customer sales. The administrative delays that would occur if the Debtor were required to notify its Payment Card Processors of its designation of a new bank account for transferring funds to it could be substantial and could cause immediate and irreparable harm to the estate.

10. Chapter 11 debtors are often permitted to continue to use their prepetition banks accounts in this district and elsewhere around the country. See e.g. *In re C&K Market, Inc.*, Case No. 13-64561-fra11 (Bankr. D. Or.) [ECF Doc #68]; *In re Blue Heron Paper Company*, Case No. 09-4092-rld11 (Bankr. D. Or.) [ECF Doc # 31]; *In re Lumber Products*, Case No. 12-32729-

PAGE  4-  DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

elp11 (Bankr. D. Or.) [ECF Doc # 60]. In fact, bankruptcy courts routinely permit Chapter 11 debtors to maintain their existing bank accounts and cash management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also Charter Co. v. Prudential Ins. Co. of Am.* (*In re Charter Co.*), 778 F.2d 617, 621 (11th Cir. 1985) (holding that allowing debtors to use their pre-petition "routine cash management system" was entirely consistent with applicable provisions of the Bankruptcy Code).

11. The Debtor undoubtedly is indebted to its Payment Card Processors for Prepetition Payment Card Obligations based on prepetition sales. The monies owed to the Debtor by the Payment Card Processors is critical to the operation of its business. The Payment Card Processors may be unwilling to remit those funds to the Debtor, however, until all Prepetition Payment Card Obligations have become known and liquidated in amount and sufficient reserves have been established to secure payment of their claims for those obligations. In order to make much needed cash available to the Debtor while, at the same time, providing assurance to the Payment Card Processors that their prepetition claims for Payment Card Obligations will be paid, the Debtor seeks an order (i) permitting the Payment Card Processors to exercise their setoff rights with regard to the Prepetition Payment Card Obligations against amounts that they hold or collect from prepetition sale transactions, in each case, consistent with the parties' ordinary course of business prior to the Petition Date, (ii) authorizing Litle & Co. and American Express to process all chargebacks for returned items in the normal course of business, and (iii) modifying the automatic stay of section 362 as necessary to authorize such setoffs and payments. Granting this relief is in the best interests of the estate as it will prevent any unnecessary disruption and delay in collecting revenues from prepetition customer sales. In any event, because the Payment Card Processors have setoff rights for their prepetition claims for Payment

PAGE 5- DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Card Obligations, permitting them to exercise those rights will not adversely affect the interests of other creditors.

12. To protect against the possible inadvertent payment of pre-petition claims, Debtor will immediately advise its Banks not to honor checks issued prior to the Petition Date in accordance with the stop payment procedures designated in the agreements governing the relationships between Debtor and its Banks, except as otherwise expressly permitted by an order of the Court and directed by Debtor. Importantly, Debtor possesses the capacity to draw the necessary distinctions between pre-petition and post-petition obligations and payments without closing the Bank Accounts and opening new ones.

13. Time is of the essence with respect to the Debtor's need for the relief requested in this motion. For the reasons indicated above, the requested relief is necessary to avoid immediate and irreparable harm to the estate. Accordingly, the Court should grant the requested relief on an expedited basis pursuant to an order that will become effective immediately upon its entry, notwithstanding the 21-day period otherwise provided in Bankruptcy Rule 6003(b) or the 14-day stay otherwise provided in Bankruptcy Rule 6004(h).

**Notice**

14. Notice of this motion has been given to, among other parties, the United States trustee and the creditors holding the 20 largest unsecured claims. Further notice is impractical in the circumstances. The Debtor submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given in the circumstances.

WHEREFORE, the Debtor requests entry of an order granting the relief requested herein and such other and further relief as is appropriate.

PAGE  6-   DEBTOR'S MOTION FOR ORDER AUTHORIZING
CONTINUED USE OF EXISTING BANK ACCOUNTS AND
CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

DATED: March 2, 2015

M<small>OTSCHENBACHER</small> & B<small>LATTNER</small>, LLP

By: /s/ Nicholas J. Henderson
    Nicholas J. Henderson, OSB No. 074027
    nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Proposed Attorneys for Debtor
Earth Class Mail Corporation

PAGE 7- DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXHIBIT A

PROPOSED ORDER

PAGE  1-   EXHIBIT A

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Earth Class Mail Corporation,<br><br>　　　　　Debtor. | Case No.  15-30982-tmb11<br><br>ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM |

　　　　THIS MATTER having come before the Court upon Debtor's Motion for Order Authorizing Continued Use of Existing Bank Accounts and Cash Management System (the "Motion") [Dkt. _____]; the Court having reviewed the Motion and the Declaration of Stacey Lee in support of the Debtor's First Day Motions, and having considered the statements of counsel and the evidence presented with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation

PAGE  1-  ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

the Court having determined that the relief requested in the Motion is in the best interests of Debtor, its estate and the creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED that:

1. The Debtor's Motion is granted as set forth herein.

2. Debtor is authorized to: (a) continue to use the Bank Accounts under existing account numbers without interruption; (b) maintain its Cash Management System in substantially the same form as described in the Motion; (c) implement ordinary course changes to its Cash Management System; and (d) open and close bank accounts; provided, however, that (i) Debtor gives notice to the Office of the United States Trustee and any official committee appointed in this Chapter 11 case prior to opening or closing a bank account, and (ii) any such action is not prohibited by any other agreement Debtor may be a party to. Any new domestic bank account opened by Debtor shall (a) be opened at a bank that has an executed a uniform depository agreement on file with the Office of the United States Trustee for the District of Oregon or at a bank that is willing to execute such an agreement, and (b) be established at an institution insured by the FDIC or the FSLIC and that is organized under the laws of the United States or any state therein.

3. The existing agreements between Debtor and any applicable bank shall continue to govern the post-petition cash management relationship between Debtor and such bank, and all of the provisions of such agreements shall remain in full force and effect, and Debtor is authorized to comply with the terms of such agreements.

4. The Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession without interruption, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; unless, with respect to any particular check, Debtor has delivered a stop

PAGE  2-   ORDER AUTHORIZING DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNT FOR PAYMENT CARD COLLECTIONS AND TO PAY PREPETITION PAYMENT CARD OBLIGATIONS AND GRANTING RELATED RELIEF

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

payment notice to the applicable Bank in accordance with the applicable agreement governing such relationship.

5. Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored or dishonored pursuant to this or any other order of this Court, and the Banks shall not have any liability to any party for relying on such representations by the applicable Debtor. The Debtors shall timely furnish to the Banks stop payment orders for any checks or other payment orders issued prior to the Petition Date which the Debtors do not want to be honored in accordance with the applicable agreement governing such relationship.

6. Banks are authorized to debit the applicable Bank Account in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's applicable Bank Account which are cashed at a Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in the applicable Bank Account prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent Debtor is responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

7. For the Banks at which Debtor holds Bank Accounts that are party to a uniform depository agreement with the Office of the United States Trustee for the District of Oregon, within 15 days of the date of entry of this Order, Debtor shall: (a) contact each Bank, (b) provide such Bank with Debtor's employer identification number, and (c) identify each of their Bank Accounts being held at such Banks as being held by a debtor- in-possession in a bankruptcy case.

8. Debtor shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks. Nonetheless, as soon as practicable after the Petition

PAGE  3-   ORDER AUTHORIZING DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNT FOR PAYMENT CARD COLLECTIONS AND TO PAY PREPETITION PAYMENT CARD OBLIGATIONS AND GRANTING RELATED RELIEF

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Date, Debtor will include "D.I.P." and the corresponding bankruptcy case number on any checks it prints electronically or orders.

9. Notwithstanding anything to the contrary contained herein, any payment made, or authorization contained herein, shall be subject to the requirements imposed on Debtor under any order approving the use of cash collateral.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

11. This Order shall be immediately effective and enforceable upon its entry. To the extent it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

**Presented by:**

MOTSCHENBACHER & BLATTNER, LLP

By:/s/ *EXHIBIT*
    Nicholas J. Henderson, OSB No. 074027
    nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Proposed Attorneys for Earth Class Mail Corporation

cc: List of Interested Parties

PAGE 4- ORDER AUTHORIZING DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNT FOR PAYMENT CARD COLLECTIONS AND TO PAY PREPETITION PAYMENT CARD OBLIGATIONS AND GRANTING RELATED RELIEF

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501