Below is an Order of the Court.

*/s/ Trish M. Brown*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

Earth Class Mail Corporation,

    Debtor.

Case No. 15-30982-tmb11

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Motion to Approve the Stipulation re: Use of Cash Collateral and Adequate Protection (the "Stipulation") between Earth Class Mail Corporation (the "<u>Debtor</u>") and the Secured Creditors (as that term is defined below). Having considered the filings and record in this case, and the statements of counsel at the hearing on April 6, 2015, the Court makes the following findings of fact and conclusions of law:

A. On February 27, 2015 (the "<u>Petition Date</u>"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

B. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a

PAGE 1- FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

core proceeding under 28 U.S.C. § 157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1(c).

C. The following creditors (each a "Secured Creditor" and collectively the "Secured Creditors") have or may claim to have an interest in the Debtor's existing cash collateral (as defined in section 363(a) of the Bankruptcy Code) and/or in the Debtor's accounts, payment intangibles or inventory that will be used, collected or sold by the Debtor postpetition in the ordinary course of business:

(1) Comerica Bank ("Comerica");

(2) Ignition Venture Partners III, LP;

(3) Ignition Managing Directors Fund III, LLC;

(4) Washington Park Ventures, LLC;

(5) Evergone Investments;

(6) Robert R. McIntryre 2003 Trust; and

(7) Lauren D. Rachlin

D. The Secured Creditors have consented to the Debtor's use of cash collateral for the period from February 27, 2015, to May 31, 2015 (the "Budget Period"), on the terms set forth in this Order;

E. The adequate protection offered to the Secured Creditors in the motion is reasonable and appropriate in the circumstances.

Based on the foregoing, it is hereby ORDERED as follows:

## CASH COLLATERAL

1. The Stipulation is approved;

2. The Debtor is authorized to use cash collateral for the purposes of funding expenditures consistent with the budget attached hereto as Exhibit A (the "Budget"), which includes a deposit to the Debtor's payroll vendor, and a refundable deposit to FedEx for the Debtor's post-petition shipping needs.

PAGE 2- FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 15-30982-tmb11    Doc 66    Filed 04/16/15

3. The Debtor may make expenditures in excess of the amounts set forth in the Budget so long as the total variance does not exceed, on a cumulative basis, 10 percent of the total budgeted expenses through the end of the applicable period. The Debtor may exceed such variances only with the prior written consent of Secured Creditors, or as permitted by a further order of this Court.

4. The "Professional Fee Carve Out" line item included in the Budget is for the limited purpose of ensuring the Debtor maintains sufficient funds for future payment of professional fees. Such fees may be paid only upon further order of the Court.

5. The Debtor's authority to use cash collateral shall terminate upon the occurrence of any of the following events:

    a. The expiration of the Budget Period;

    b. This Chapter 11 case is either dismissed or converted to a case under Chapter 7 of the Bankruptcy Code; or

    c. A trustee is appointed in this Chapter 11 Case; or

    d. The Debtor defaults in any material respect in the performance of or compliance with any term or provision in this Order, and in each case such default is not remedied within 10 calendar days after the Debtor receives written notice of such default; or

    e. Any information or report made or furnished by the Debtor or on its behalf pursuant to this Order is false, incorrect or misleading in any material respect at the time made or furnished.

6. Nothing in this Order shall prevent the Secured Creditors from seeking to revoke the Debtor's authority to use cash collateral if the Secured Creditors believe such a motion is warranted under the circumstances.

## ADEQUATE PROTECTION

7. As adequate protection for the Debtor's use of cash collateral, the Secured Creditors are granted the following:

PAGE 3- FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 15-30982-tmb11   Doc 66   Filed 04/16/15

      a. As reflected in the Budget, Debtor shall make adequate protection payments to Comerica Bank only, in the amount of $35,000 per month.

      b. The Secured Creditors are also granted replacement liens on property of the Debtor of the same nature, kind and priority as secured Debtor's debts to each such creditor on the Petition Date;

      c. The Secured Creditors' liens in the replacement collateral shall have the same relative priority as the liens held by each such creditor on the Petition Date;

      d. The Debtor shall timely perform and complete all actions necessary and appropriate to protect the cash collateral against diminution in value;

      e. The Debtor shall provide to the Secured Lenders, on or before 5:00 p.m. each Monday during the Budget period, the following weekly financial reports for the immediately preceding week: Weekly Statement of Cash Flows, Weekly Income Statement, Weekly Balance Sheet, Weekly A/R Aging Report, and Weekly A/P Aging Report, certified by Debtor's CFO to be accurate to the best of his or her knowledge, information and belief, prepared on a cash basis, and prepared in accordance with generally accepted accounting practices;

      f. The Debtor shall at all times cause to be maintained such policies of insurance on its assets as are required by the loan documents of the Secured Lenders, or by the United States Trustee; and

      g. The Debtor shall at all times reasonably manage and preserve its assets

8. The provisions hereof and the effect of any actions taken hereunder shall survive the entry of any order converting this case to one under Chapter 7 of the Bankruptcy Code or dismissing this Chapter 11 case.

## ADDITIONAL PROVISIONS

9. Nothing herein shall (i) impair or limit any of the Secured Creditors' rights or remedies in this case or in any superseding case under the Bankruptcy Code, including the right

PAGE 4- FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 15-30982-tmb11    Doc 66    Filed 04/16/15

to seek conversion or dismissal, or (ii) prejudice the right of a Secured Creditor to seek a modification of this Order for additional adequate protection.

10. Nothing herein shall constitute a determination of the rights or interests of the Secured Creditors other than as specifically set forth in this Order. Without limiting the generality of the foregoing sentence, nothing herein shall constitute a determination with respect to (i) the allowability or amount of any claim, (ii) the validity, enforceability or perfection or nonperfection of any of the Security Creditors' security interests, or (iii) the extent or priority of any of the Security Creditors' security interests. In the event that a Secured Creditor's prepetition security interest is unenforceable or determined to be avoidable under any applicable provision of the Bankruptcy Code, then any payments received by and/or any administrative expense claim awarded to such Secured Creditor hereunder on account of such unenforceable or voided security shall be returned to the estate and any such claims shall be disallowed.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order.

12. This Order shall be effective immediately upon its entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

**Presented by:**

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 417-0500

Attorneys for Earth Class Mail Corporation

**Parties to Serve Electronically:**
The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

**Parties to Serve via First Class Mail:**
Frank T. Pepler
DLA Piper LLP
555 Mission St #2400
San Francisco, CA 97105

PAGE 5- FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 15-30982-tmb11    Doc 66    Filed 04/16/15

**EXHIBIT A**

**CASH COLLATERAL BUDGET**

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 15-30982-tmb11 Doc 66 Filed 04/16/15

**Earth Class Mail**

*Estimated Weekly Cash Flow - 2/28/2015 - 7/4/2015*

| | 3/7/2015 | 3/14/2015 | 3/21/2015 | 3/28/2015 | 4/4/2015 | 4/11/2015 | 4/18/2015 | 4/25/2015 | 5/2/2015 | 5/9/2015 | 5/16/2015 | 5/23/2015 | 5/30/2015 | 6/6/2015 | 6/13/2015 | 6/20/2015 | 6/27/2015 | 7/4/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash reciepts** | | | | | | | | | | | | | | | | | | | |
| Cash received from customers | $117,370 | $117,370 | $117,370 | $117,370 | $115,145 | $113,662 | $113,662 | $113,662 | $113,662 | $117,214 | $117,214 | $117,214 | $93,771 | $112,528 | $112,528 | $112,528 | $112,528 | $88,629 | $2,023,428 |
| **Cash disbursements** | | | | | | | | | | | | | | | | | | | |
| Payroll/benefits | $0 | $86,292 | $0 | $86,292 | $0 | $85,178 | $0 | $85,178 | $0 | $0 | $84,454 | $0 | $84,454 | $0 | $89,467 | $0 | $89,467 | $0 | $690,783 |
| Payroll Deposit | $0 | $43,000 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $43,000 |
| Temps/contractors | $7,160 | $3,160 | $7,160 | $3,160 | $7,160 | $3,160 | $7,160 | $3,160 | $3,160 | $7,515 | $3,160 | $3,160 | $3,160 | $7,515 | $3,160 | $3,160 | $3,160 | $7,515 | $85,945 |
| Rent & facilities | $1,979 | $205 | $130 | $40,722 | $1,470 | $679 | $165 | $170 | $40,552 | $2,149 | $165 | $170 | $40,552 | $1,640 | $674 | $170 | $40,552 | $1,640 | $173,782 |
| Shipping | $17,650 | $16,950 | $16,950 | $16,950 | $17,650 | $16,950 | $16,950 | $16,950 | $17,650 | $16,950 | $16,950 | $16,950 | $16,950 | $17,650 | $16,950 | $16,950 | $16,950 | $16,950 | $307,900 |
| Post office box prepayments | $0 | $0 | $23,630 | $0 | $0 | $4,327 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $27,957 |
| IT Equipment Purchases | $0 | $1,400 | $1,000 | $3,200 | $0 | $8,000 | $0 | $1,500 | $0 | $4,200 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $19,300 |
| IT Service contracts/license agreements | $9,532 | $8,000 | $0 | $140 | $24,403 | $900 | $0 | $0 | $140 | $6,000 | $300 | $0 | $0 | $0 | $140 | $300 | $140 | $469 | $50,464 |
| Marketing/Google ads | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $27,000 |
| Supplies | $2,022 | $2,252 | $50 | $780 | $50 | $2,252 | $50 | $780 | $50 | $2,252 | $50 | $780 | $50 | $2,252 | $780 | $780 | $50 | $2,252 | $17,532 |
| Utilities | $4,330 | $150 | $1,450 | $1,625 | $4,330 | $150 | $1,450 | $1,625 | $4,330 | $1,450 | $350 | $1,525 | $4,950 | $250 | $1,450 | $1,450 | $5,225 | $400 | $36,490 |
| US trustee | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $4,875 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $4,875 | $0 | $9,750 |
| Legal/professional carve-out | $0 | $25,000 | $0 | $0 | $0 | $25,000 | $0 | $0 | $0 | $25,000 | $0 | $0 | $0 | $25,000 | $0 | $0 | $0 | $25,000 | $125,000 |
| Check deposit processing | $0 | $7,300 | $0 | $0 | $0 | $7,300 | $0 | $0 | $0 | $0 | $7,300 | $0 | $0 | $0 | $7,300 | $0 | $0 | $0 | $29,200 |
| CC processing fees | $3,169 | $3,169 | $3,169 | $3,169 | $3,109 | $3,069 | $3,069 | $3,069 | $3,069 | $3,165 | $3,165 | $3,165 | $2,532 | $3,038 | $3,038 | $3,038 | $3,038 | $2,393 | $54,633 |
| Secured debt repayment | $0 | $0 | $0 | $0 | $35,000 | $0 | $0 | $0 | $0 | $35,000 | $0 | $0 | $0 | $35,000 | $0 | $0 | $0 | $35,000 | $140,000 |
| Captial lease repayment | $0 | $0 | $0 | $1,900 | $0 | $0 | $0 | $1,900 | $0 | $0 | $0 | $1,900 | $0 | $0 | $0 | $1,900 | $0 | $0 | $7,600 |
| FedEx Deposit | $0 | $0 | $50,000 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $50,000 |
| Other Vendor Deposits | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Other | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $1,800 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $35,900 |
| Total cash disbursements | $49,142 | $200,178 | $106,839 | $161,238 | $96,472 | $160,265 | $32,144 | $122,507 | $72,251 | $106,981 | $119,193 | $30,950 | $155,947 | $96,345 | $126,960 | $31,748 | $167,457 | $95,619 | $1,932,235 |
| Net cash flows | $68,229 | ($82,807) | $10,531 | ($43,867) | $18,673 | ($46,603) | $81,518 | ($8,845) | $41,412 | $10,233 | ($1,979) | $86,264 | ($62,176) | $16,182 | ($14,432) | $80,779 | ($54,930) | ($6,990) | $91,193 |

**EXHIBIT A - CASH COLLATERAL BUDGET**