Below is an Order of the Court.

1

2

3

4

5

6

7

*Trish M Brown*
_____
TRISH M. BROWN
U.S. Bankruptcy Judge

8

9

10              UNITED STATES BANKRUPTCY COURT

11                 FOR THE DISTRICT OF OREGON

12

In re

13

Earth Class Mail Corporation,

14                                    Debtor.

Case No.  15-30982-tmb11

ORDER (1) AUTHORIZING AND
SCHEDULING AN AUCTION FOR THE
SALE OF SUBSTANTIALLY ALL ASSETS
OF THE DEBTOR FREE AND CLEAR OF
LIENS AND OTHER INTERESTS, (2)
APPROVING SALE PROCEDURES, (3)
APPROVING PROCEDURES FOR
ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, (4) DIRECTING
APPOINTMENT OF CONSUMER
PRIVACY OMBUDSMAN

15

16

17

18

19

20

21

22

        This matter came before the Court on April 6, 2015, on the Debtor's Motion for Orders

23   (1) Authorizing and Scheduling an Auction for the Sale of Substantially All Assets of the Debtor

24   Free and Clear of Liens and Other Interests, (2) Approving Sale Procedures, (3) Approving

25   Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases, (4)

26   Directing Appointment of Consumer Privacy Ombudsman, (5) Approving Purchase Agreement

PAGE  1-    ORDER AUTHORIZING AND SCHEDULING AN AUCTION
            FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE
            DEBTOR, AND RELATED RELIEF

or Subsequent Overbid, (6) Scheduling a Hearing to Consider Approval of the Sale, (7) Establishing the Form and Manner of Notices Related Thereto, (8) Authorizing Interim Distribution from Sale Proceeds, and (9) Requesting Waiver of the Stay Under Bankruptcy Rule 6004(f) and 6006(d) filed on March 20, 2015 (Docket No. 37 ) (the "Motion").   The Court having held an initial hearing on the Motion on April 6, 2015, and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised in of the premises,

THE COURT FINDS as follows:

A.      This Court has jurisdiction over this matter and the case of Earth Class Mail Corporation (the "Debtor"), the Motion and the parties and property affected pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  To the extent required by law, each creditor and party in interest has acknowledged and consented to this Court's authority to enter this Sale Procedures Order as a final order of this Court, or all challenges to this Court's authority have been overruled or waived.

B.      Findings of fact herein shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as appropriate.

C.      The notice provided regarding the Motion constitutes sufficient and adequate notice.  No further notice in connection with the entry of this Order is or shall be required.

D.      The Sale Procedures (attached as **Exhibit 1** to this Order) were proposed by the Debtor in good faith with the goal of maximizing the value of the Purchased Assets for the benefit of all creditors of the estate and other parties-in-interest.  Debtor has articulated good and sufficient reasons for authorizing and approving the Sale Procedures, which are reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Purchased Assets.

PAGE  2-      ORDER AUTHORIZING AND SCHEDULING AN AUCTION
FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE
DEBTOR, AND PROVIDING RELATED RELIEF

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

E.        Debtor's proposed Sale Notice (attached as **Exhibit 2** to this Order) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the sale, the auction, and the assumption procedures.

F.        On February 13, 2015, Debtor and Buyer entered into the Asset Purchase Agreement (the "Agreement") pursuant to which Buyer agreed to purchase the Purchased Assets, subject to the conditions set forth in the Agreement.

G.        The Debtor has established and proved good and sufficient reasons for approval of the proposed sale under the terms of the Agreement, subject to the sale procedures set forth in this Order.

H.        Entry of this Order is in the best interests of Debtor, its estate, creditors and other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.        The Motion is GRANTED as set forth below.

2.        All responses or objections to the relief requested in the Motion and the exhibits thereto that have not been withdrawn, waived or settled are overruled.

3.        The Sale Procedures attached as **Exhibit 1** are hereby approved and shall be used in connection with the proposed sale of the Purchased Assets.[1]

4.        Any objections to the proposed Sale shall be in writing and filed with this Court no later than **June 1, 2015** at 5:00 p.m. Pacific Time. Any party filing such an objection must attend the Sale Hearing (described below) and advocate its objection at such hearing. Any objection not filed, served, and/or advocated in accordance with this paragraph may be deemed waived and may be forever barred.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion and/or the Agreement.

PAGE  3-    ORDER AUTHORIZING AND SCHEDULING AN AUCTION FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, AND PROVIDING RELATED RELIEF

5.      The Auction for the Purchased Assets will be held on **June 2, 2015**, at 9:00 a.m. Pacific Time, at the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, Judge's Conference Room, 8th Floor, Portland, Oregon 97204.  Attendees are required to pass through security on the 7th Floor, and valid identification is required.  The auction will be conducted openly, and all creditors will be permitted to attend.  A record will be made of bidding at the Auction.

6.      The Sale Hearing will be conducted on **June 4, 2015,** at 9:00 a.m. Pacific Time before the Honorable Trish M. Brown in Courtroom 4 of the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon 97204, to consider the entry of an order providing and approving, inter alia, the following: (a) the sale or other disposition of Debtor's assets to the Successful Bidder or Bidders free and clear of all Liens and Liabilities, claims, interests obligations, and encumbrances in accordance with 11 U.S.C. § 363(f); (b) that Successful Bidder or Bidders have not assumed any liability or obligations (except as specifically assumed by the successful bidder in the Asset Purchase Agreement signed by the respective bidder, as may be amended in a writing signed by the respective bidder or otherwise specifically provided in the Order Confirming the Plan); (c) that Successful Bidder or Bidders are not successors to Debtor; (d) that all persons who have received the Notice are bound by the order and are enjoined from pursuing Successful Bidder or Bidders to recover on any claims they may have against Debtor; and (e) that the sale agreement or agreements were entered into in good faith, without collusion, and from arms' length bargaining positions. Debtor shall be deemed to have accepted a bid and the Successful Bidder determined only when the bid for the Assets has been approved by the Court at the Sale Hearing.

/ / / / /

/ / / / /

PAGE  4-      ORDER AUTHORIZING AND SCHEDULING AN AUCTION
FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE
DEBTOR, AND PROVIDING RELATED RELIEF

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

7.      The Assumption Procedures are hereby approved as set forth below.

a.      Notice.  On or before **May 26, 2015**, the Debtor will provide notice in the form of the Assumption and Assignment Notice attached hereto as **Exhibit 3** (the "Assumption and Assignment Notice") to each non-debtor counterparty to a Material Agreement that Purchaser designates for assumption and assignment.  The Assumption and Assignment Notice shall identify the proposed amount to be paid to such counterparty to cure all defaults under such agreement that are required to be cured pursuant to section 365 of the Bankruptcy Code as a prerequisite to assumption (together with the timing of such payments, if any)(the "Cure Schedule").

b.      Objections.  Objections, if any, to the proposed assumption and assignment of any Material Agreements to Purchaser, including any objection to the cure amount set forth on the Cure Schedule or to adequate assurance of future performance, must be made in writing and filed with the Court no later than **June 1, 2015**.  (the "Objection Deadline").

c.      Resolution of Objections.  If no objection to assumption or assignment is filed by a counterparty to a Material Agreement before the Objection Deadline, the counterparty to the assumed agreement shall be deemed to consent to the assumption and assignment of such assumed agreement.   If no objection to the proposed cure amount with respect to an assumed agreement, then the cure amount set forth in the Cure Schedule shall be binding upon the non-debtor party with respect to such assumed agreement for all purposes in this Chapter 11 case, and will constitute a final determination of the total cure amount required to be paid in connection with the assumption and assignment thereof.   In that event, the Debtor and Purchaser may provide in the Sale Order for the assumption and assignment of the applicable Material Agreement to Purchaser (or other Successful Bidder) and for payment of the cure amount, if any,

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

specified in the Assumption and Assignment Notice, all without further notice to that counterparty. If a timely Contract Objection is filed by the Objection Deadline and such objection cannot otherwise be resolved by the parties, the Bankruptcy Court may hear such objection at the Sale Hearing, or any adjourned date thereof.  The pendency of a dispute relating to a proposed cure amount will not delay the closing of the sale, including the assumption and assignment of Material Agreements necessary to effectuate such closing.

        d.     Effect of Qualified Alternative Bids.  If Acceptable Bids are received by the Debtor, and if Purchaser is not the Successful Bidder at the Auction, the Debtor will provide an amended assumption and assignment notice to each non-Debtor counterparty to any contracts or leases designated by the Successful Bidder for assumption and assignment.  Such amended assumption and assignment notice shall identify the Successful Bidder, and shall provide information to the non-debtor counterparties regarding the ability of the Successful Bidder to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.  Objections, if any, to the proposed assumption and assignment of any contract or lease designated a Successful Bidder other than Purchaser must be made in writing and filed with the Court on a date to be fixed by the Court at the Sale Hearing.

        e.     Timing of Assignment.  Each Material Agreement will be assumed and assigned to Purchaser or the Successful Bidder (as applicable) on the date (the "Assumption Effective Date") that is the later of (i) the Proposed Assumption Effective Date, and (ii) the Assumption Resolution Date (as defined below).  The "Assumption Resolution Date" shall be, (i) if no Contract Objection has been filed on or prior to the Contract Objection Deadline, the business day after the Contract Objection Deadline, or (ii) if a Contract Objection has been filed on or prior to the Contract Objection Deadline, the date of the Assumption Resolution

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Stipulation or the date of a Court order authorizing the assumption and assignment to Purchaser or the Successful Bidder (as applicable) of the Assumed Contract or Assumed Lease.   If Purchaser is the Successful Bidder, the Assumption Effective Date shall not be later than the Closing Date.

8.      Notwithstanding anything to the contrary in the Agreement, assumption and assignment of the employment contracts for Stacey Lee and James Wilson are subject to Court approval at or before the Sale Hearing.

9.      Notwithstanding anything to the contrary in the Agreement, allowance and payment of the amounts due under the Management Carve-Out Plans is subject to further review and Court approval at or before the Sale Hearing.

10.     The Sale Notice in the form attached hereto as **Exhibit 2**, is hereby approved.

11.     The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such a party to the sale and transfer of the Purchased Assets to Buyer or the Successful Bidder (including the assumption and assignment of the Material Agreements and the fixing of any applicable Cure Costs).

12.     Other than distribution to Comerica Bank, no distribution shall be made from the proceeds of the sale without further order of the Court.

13.     No payment shall be made on account of any of Debtor's prepetition obligations without further order of the Court.

14.     Unless already accomplished, the United States Trustee is directed to appoint a consumer privacy ombudsman under section 322 of the Bankruptcy Code.

15.     Subject to Court approval at the Sale Hearing, the Closing Date shall be no later than June 10, 2015, unless otherwise agreed to by the Purchaser and the Debtor.

16. As provided by Bankruptcy Rule 6004(h) and 6006(d), this Order shall not be stayed for 14 days after the entry thereof and shall be effective and enforceable immediately on its entry on the docket.

17. Unless otherwise specified, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a)

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

**Presented by:**

MOTSCHENBACHER & BLATTNER, LLP

By: /s/ Nicholas J. Henderson
    Nicholas J. Henderson, OSB No. 074027
    nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Proposed Attorneys for Earth Class Mail Corporation

cc: List of Interested Parties

PAGE 8- ORDER AUTHORIZING AND SCHEDULING AN AUCTION FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, AND PROVIDING RELATED RELIEF

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

1

2                              **EXHIBIT 1**

3                          **SALE PROCEDURES**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

1  Nicholas J. Henderson
   nhenderson@portlaw.com
2  MOTSCHENBACHER & BLATTNER, LLP
   117 SW Taylor Street, Suite 200
3  Portland, OR 97204
   Telephone:  (503) 417-0500
4  Facsimile:  (503) 417-0501

5  Proposed Attorneys for Debtor
   Earth Class Mail Corporation

6

7

8              UNITED STATES BANKRUPTCY COURT

9              FOR THE DISTRICT OF OREGON

10  In re

11  Earth Class Mail Corporation,                Case No.    15-30982-tmb11

12                      Debtor.           NOTICE RE: SALE PROCEDURES FOR THE
                                          SUBMISSION, RECEIPT AND ANALYSIS OF
13                                        BIDS IN CONNECTION WITH THE SALE OF
                                          SUBSTANTIALLY ALL OF DEBTOR'S
14                                        BUSINESS ASSETS

15          These Sale Procedures have been approved by order of the United States Bankruptcy

16  Court for the District of Oregon (the "Court") in connection with the above captioned bankruptcy
    case of Earth Class Mail Corporation (the "Debtor") (the "Sale Procedures Order").

17          These Sale Procedures set forth the process by which Debtor is authorized to conduct the

18  sale (the "Sale") by auction (the "Auction") of substantially all of Debtor's business assets as
    more particularly described in the Agreement (defined below). These Sale Procedures also set

19  forth the terms by which prospective bidders may qualify for and participate in the Auction,
    thereby competing to make the highest and/or best offer for the assets being sold.

20
    **A.  Stalking Horse Bidder**
21
            On February 13, 2015 Debtor and Delivered.io, Inc. ("Delivered.io") entered into an
22  Asset Purchase Agreement (the "Agreement") for the acquisition of all of Debtor's assets as
    described in the Agreement (the "Purchased Assets"). Among other things, Buyer agreed to pay
23  a purchase price in an amount equal to $5,000,000, plus or minus the amount by which Debtor's
    Closing Working Capital exceeds or is less than $500,000 (the "Purchase Price") for the
24  Purchased Assets, plus Reimbursement Costs defined in Section 11.1 of the Agreement, subject
    to the outcome of the Auction and the entry of an order of the Court (the "Sale Order")
25  approving the sale of the Purchased Assets.  The Purchased Assets do not include avoidance
    actions under Chapter 5 of the Bankruptcy Code.  A copy of the Agreement has been filed with
26  the Court and may be obtained by contacting Christopher Sturgeon, Bankruptcy Assistant to
    Debtor's Counsel, at (503) 417-0511.

PAGE  1-    NOTICE REGARDING SALE PROCEDURES

**B. Participation Requirements**

To participate in the bidding process and to obtain access to due diligence materials, any person interested in purchasing the Assets (an "Potential Bidder") must deliver (unless previously delivered) to both Debtor and counsel for Debtor the following (the "Preliminary Bid Documents"):

1. An executed confidentiality agreement in form and substance acceptable to Debtor and its counsel;

2. Preliminary written proof by the Potential Bidder of its financial capacity to close the proposed transaction, to pay the amounts that would be due to the Debtor at Closing, including, but not limited to, its ability to satisfy the standards to provide adequate assurance of future performance of any contracts and leases to be assumed and assigned under Section 365 of the Bankruptcy Code, which may include current unaudited or verified financial statements of, or verified financial commitments (i.e., banking or capital references) obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach), the adequacy of which must be deemed satisfactory to Debtor in its business judgment.

As soon as practicable, and in any event within two business days after a Potential Bidder delivers the Preliminary Bid Documents, Debtor shall determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents. Debtor shall work with Potential Bidders during the two business-day period (as it may be extended by Debtor) to attempt to correct or cure any deficiencies in any Preliminary Bid Documents. Only those Potential Bidders whose Preliminary Bid Documents have been deemed acceptable at the end of such two business-day period (as it may be extended by Debtor) (each, an "Acceptable Bidder") may conduct a due diligence review with respect to the Assets or submit bids to acquire the Assets. Delivered.io is deemed an Acceptable Bidder

**C. Due Diligence Access**

After receipt of an executed confidentiality agreement and notification of Acceptable Bidder status, Debtor will provide each Acceptable Bidder reasonable due diligence information, as requested as soon as reasonably practicable after such request. Debtor shall be entitled to use its business judgment in determining the extent to which an Acceptable Bidder is entitled to receive confidential competitive information.

**D. Bid Requirements**

Any Acceptable Bidder that is interested in being a participant in the Auction and acquiring all or substantially all of the Assets (each a "Bidder") must submit a "Bid" as provided herein prior to 5:00 p.m. Pacific Time on **May 22, 2015** (the "Bid Deadline"). Any such Bid must:

1. Identify the proponent of the Bid and an officer or employee who is authorized to appear, act on behalf of and bind the Bidder;

PAGE  2-    NOTICE REGARDING SALE PROCEDURES

2.  Identify any party for whom the Bidder may be bidding with or on behalf of, indicate whether the bidder is a party to any agreement limiting the bidders at the Auction, and identify any relation of such parties to Debtor.

3.  Contain (a) a signed definitive asset purchase agreement in substantially the form of the Agreement (a "Competing Purchase Agreement") and (b) a comparison of such Competing Purchase Agreement to the Agreement, showing all the differences between the two. A Competing Purchase Agreement must:

   i.   Be in form and substance satisfactory to Debtor;

   ii.  Clearly designate the assets to be acquired (which must be all or substantially all of the Purchased Assets);

   iii. agree that the purchase price shall be at least $5,201,500 (i.e., $50,000 more than the $5,000,000 Purchase Price contained in section 2.1 of the Agreement, plus the minimum Break-Up Fee of $151,500)[2] (the "Minimum Initial Overbid Amount"), and the purchase price will be paid in cash, subject to the same adjustments, escrow, and other terms of the Agreement;

   iv.  be accompanied by a deposit in the form of cash, cashier's check or letter of credit issued by a federal or state chartered domestic bank in the amount of $150,000 representing a portion of the Purchaser's Break-up Fee);

   v.   Not be subject to any (a) financing contingency; (b) contingency relating to the completion of unperformed due diligence; (c) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents; or (d) any conditions precedent to the Bidder's obligation to purchase the Assets, other than those conditions included in the Agreement; and

   vi.  Not provide for the payment to the Bidder of any Break-Up Fee, topping fee, expense reimbursement or other similar fee or arrangement.

4.  be accompanied by financial information for the bidder sufficient to enable the Debtor to determine the bidder's creditworthiness and ability to close a sale of the Assets, and pay the full Break-Up Fee to Purchaser within three days after entry of the Sale Order if the bidder is the Successful Bidder, including information sufficient to demonstrate the bidder's ability to provide adequate assurance of future performance of obligations under any executory contracts or unexpired leases to be assumed and assigned to the bidder;

---

[2] The $50,000 minimum bid increment varies from the $10,000 bid increment set forth in Section 7.5(c) of the Agreement.  The $50,000 bid increment in this Notice controls.

PAGE  3-    NOTICE REGARDING SALE PROCEDURES

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

5. by its terms, remain open and irrevocable through the conclusion of the Sale Hearing, unless extended by agreement of the parties.

6. Be submitted to counsel for Debtor so as to be received not later than the Bid Deadline. Any Bid that meets all of the foregoing requirements, as determined by Debtor in its good faith discretion, shall be considered a "Qualified Bid." Counsel for Debtor shall, as soon as practicable, send a copy of each Qualified Bid received, if any, to the following parties: (i) counsel to the secured creditors, (ii) the United States Trustee; and (iii) counsel to each Bidder submitting a Qualified Bid (or if a Bidder does not have counsel, to the Bidder).

### E.  Evaluation of Qualified Bids

Prior to the Auction, Debtor shall evaluate the Qualified Bids and identify the Qualified Bid that is, in Debtor's business judgment, the highest or otherwise best bid (the "Starting Bid"). No later than 2:00 p.m. two days prior to the Auction, Debtor shall notify Delivered.io and all parties who have submitted Qualified Bids (each a "Qualified Bidder") as to whether there will be an Auction, and if so, which Qualified Bid is the Starting Bid. If any interested bidder is deemed to be "unqualified" by the Debtor and will therefore be precluded from participating in the auction, on the request to such unqualified bidder, the auction will be delayed, or if commenced, temporarily adjourned, while Debtor shall bring the issue to the Court for an immediate determination. Thereafter, the auction shall proceed with or without the participation of the affected potential bidder, in accordance with the court's ruling.

### F.  No Qualified Bids

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur and Delivered.io will be deemed the Successful Bidder. Subject to the termination rights under the Agreement, Debtor will immediately pursue entry of a Sale Order by the Court approving the Purchase Agreement and authorizing the sale of the Assets to Delivered.io.

### G.  Auction

In the event Debtor determines that one or more Bids are Qualified Bids, then Debtor will conduct the Auction on **June 2, 2015** at 9:00 a.m. (the "Auction") with respect to the sale of the Purchased Assets at the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, Judge's Conference Room, 8th Floor, Portland Oregon, 97204, or at such other location as may be designated by Debtor. Attendees are required to pass through security on the 7th Floor, and valid identification is required.  The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

1. The Qualified Bidders, including Delivered.io, shall appear in person or through duly-authorized representatives at the Auction.

2. Only Qualified Bidders, including Delivered.io, shall be entitled to bid at the Auction.

3. Bidding at the Auction shall begin at the Starting Bid.

PAGE 4-    NOTICE REGARDING SALE PROCEDURES

4. Subsequent bids at the Auction, including any bids by Delivered.io, shall be made in minimum increments of $50,000 or as otherwise agreed by the Bidders or as set by the Debtor.

5. All bidding will be open, and all creditors are permitted to attend.

6. A record of bidding at the Auction will be made. Such record may be transcribed by a certified court reporter to ensure an accurate recording of the bidding at the Auction.

7. Each Qualified Bidder will be required to confirm on the record at the Auction that it has not colluded with any other person with respect to the bidding or the Sale.

8. The Auction shall be governed by such other procedures as may be announced by Debtor or its counsel from time to time at the Auction; provided that any such other procedures shall not be inconsistent with the Sale Procedures Order or any other order in Debtor's Chapter 11 case.

**H. Acceptance of the Successful Bid**

Upon the conclusion of the Auction (if such Auction is conducted), Debtor, in the exercise of its reasonable, good-faith business judgment, shall identify the highest or otherwise best bid (the "Successful Bid"). The Qualified Bidder having submitted the Successful Bid will be deemed the "Successful Bidder." The Successful Bidder and Debtor shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which the Successful Bid was made.

Debtor will present the results of the Auction to the Court at the Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (1) the Auction was conducted, and the Successful Bidder was selected, in accordance with these Sale Procedures, (2) the Auction was fair in substance and procedure, (3) the Successful Bid was a Qualified Bid, and (4) consummation of the Sale contemplated by the Successful Bid is in the best interests of Debtor and its estate.

If an Auction is held, Debtor shall be deemed to have accepted a Qualified Bid only when (1) such bid is declared the Successful Bid at the Auction or by the Court, and (2) definitive documentation has been executed in respect thereof. Such acceptance is conditioned on approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

**I. Bankruptcy Court Approval of Sale**

A hearing to consider approval of the sale to the Successful Bidder (or to approve the Purchase Agreement if no Auction is held) (the "Sale Hearing") and seek entry of a Sale Order is presently scheduled to take place at **9:00 a.m. on June 4, 2015**, Pacific Time or at such other time as is announced at the Auction by Debtor. The Sale Hearing will be held before the Honorable Trish M. Brown, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, in Courtroom No. 4 of the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon. Debtor and the Successful Bidder, once the

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Successful Bidder has been determined, shall each use their commercially reasonable efforts, and shall cooperate, assist and consult with each other, to secure the entry of a Sale Order in a form reasonably acceptable to Debtor and the Successful Bidder.  Any objections to the Auction results must be filed with the Court by 5:00 p.m. Pacific Time on **June 1, 2015**.

The Sale Hearing may be continued to a later date by Debtor by sending notice to all prospective bidders prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

### J.  Designation of Back-Up Bidder

Upon the conclusion of the Auction and the selection of the Successful Bidder, Debtor shall select the person submitting the next highest or otherwise best bid (the "Back-Up Bidder"). The bid of the Back-Up Bidder shall remain open until the second business day following the closing of a sale to the Successful Bidder. If for any reason the Successful Bidder is unable or unwilling to consummate an approved sale because of breach or failure to perform on the part of the Successful Bidder, the Back-Up Bidder shall be deemed to be the Successful Bidder. The purchase price shall be the amount of such Back-Up Bidder's last bid, and Debtor shall be authorized to effectuate the sale to the Back-Up Bidder without further order of the Bankruptcy Court. If, for any reason, the Back-Up Bidder fails to perform, Debtor shall tender full performance of all of its obligations under the Purchase Agreement to Delivered.io within two business days from the date Debtor learns of Back-Up Bidder's inability to close, and Delivered.io shall have the option, for two business days thereafter,  to elect to purchase the Purchased Assets under the terms of the Agreement.

### K.  Reservation of Rights to Modify Sale Procedures

Debtor reserves the right to modify these Sale Procedures in any manner that will best promote the goals of the bidding process and may impose, at or prior to the Auction, additional customary terms and conditions on the sale, including, without limitation, extending the deadlines set forth in these Sale Procedures, adjourning the Auction at the Auction, and/or adjourning the Sale Hearing in open court without further notice. Unless all qualified bidders agree to a change in the auction procedures, the auction procedures will not be changed absent a future Court order.

DATED: _____, 2015

**MOTSCHENBACHER & BLATTNER, LLP**

By: /s/ Nicholas J. Henderson _____
    Nicholas J. Henderson, OSB No. 074027
    nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone:  (503) 417-0500
Facsimile:  (503) 417-0501

Attorneys for Debtor Earth Class Mail
Corporation

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**EXHIBIT 2**

**SALE NOTICE**

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

Earth Class Mail Corporation,

Debtor.

Case No.    15-30982-tmb11

NOTICE OF (1) MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS ASSETS; (2) AUCTION; (3) BIDDING PROCEDURES; (4) SALE HEARING; AND (5) OBJECTION DEADLINES

**PLEASE TAKE NOTICE** that Earth Class Mail Corporation ("Debtor") moved for approval of the sale of all or substantially all of its business assets as more particularly described in the Asset Purchase Agreement described below (the "Purchased Assets") free and clear of all liens, claims and encumbrances to Delivered.io, Inc. ("Delivered.io"), if there are no higher and better offers from qualified bidders at an auction scheduled for **June 2, 2015**, commencing at 9:00 a.m.

The sale to Delivered.io is for the sum of $5,000,000, subject to adjustment, consisting of cash at closing and, pursuant to an Asset Purchase Agreement dated February 13, 2015 (the "Agreement"), entered into between Debtor and Delivered.io.  A copy of the Agreement was filed with the Court, and may also be obtained by contacting Debtor's counsel at (503) 417-0511.

Debtor believes that the sale to Delivered.io is in the best interests of the estate because the sale will maximize the amount that the Debtor, its estate and its creditors may realize for the value of the assets.  Additionally, the Debtor's existing cash flow does not satisfy its debt service requirements.  While the Debtor's cash flow has been consistent, the Debtor's cash flow will not increase without substantial additional capital investment, and Debtor has found that it is impossible to raise additional capital with Debtor's current equity and debt structure.  Delaying a sale could seriously jeopardize the value of the Debtor's business assets.

The proposed order approving the sale provides that Delivered.io shall have no liability or responsibility for any liability or other obligation of Debtor arising under or related to the Purchased Assets other than as expressly set forth in the Agreement, and that the transfer of the Purchased Assets to Delivered.io will not subject Delivered.io or its affiliates, successors or assigns, or their respective properties, to any liability for claims against Debtor or the Purchased Assets by reason of such transfer.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 11 U.S.C. §§ 105 and 363, Debtor proposes to sell its assets to the Successful Bidder or Bidders and obtain an order providing and authorizing, inter alia, the following: (1) that the sale is free and clear of all Liens and Liabilities, as defined in the Agreement; (2) that the Successful Bidder or Bidders have not assumed any liability or obligation (except as specifically assumed); (3) that Successful Bidder or Bidders is not or are not successors to Debtor; (4) that all persons that have been served with this Notice are bound by the order and are enjoined from pursuing Successful Bidder or Bidders to recover on any claims they may have against Debtor; and (5) that the sale agreement or agreements were entered into in good faith, without collusion, and from arms' length bargaining positions.

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order authorizing Debtor to hold an auction to sell the Assets free and clear of all liens, claims, encumbrances and other interests, as provided in the Purchase Agreement if an overbid is received. The auction, if one occurs, is scheduled for **June 2, 2015,** at 9:00 a.m. Pacific Time at the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, Judge's Conference Room, 8th Floor, Portland Oregon, 97204. Auction attendees are required to pass through security on the 7th Floor, and valid identification is required.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order approving bidding procedures in connection with the sale and the auction. A copy of the Sale Procedures can be obtained from Debtor's counsel.

**PLEASE TAKE FURTHER NOTICE** that competing bidders are required to submit competing bids of at least $5,050,000, plus a Break-Up Fee of $150,000, plus the amount of the Reimbursement Costs as defined in the Agreement, and otherwise qualify as bidders in accordance with the approved Sale Procedures prior to 5:00 p.m. Pacific Time on **May 22, 2015.**

**PLEASE TAKE FURTHER NOTICE** that a hearing on the proposed sale to Delivered.io, or any higher and better bidder at the auction (the "Sale Hearing"), is scheduled to be held on **June 4, 2015, at 9:00 a.m.** Pacific Time, or at such later time as may be announced at the auction by Debtor, in Courtroom 4 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to the sale of the Purchased Assets, you must, on or before **June 1, 2015**, at 5:00 p.m. Pacific Time, file a written objection to the sale with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon 97204.

**PLEASE TAKE FURTHER NOTICE** that **June 1, 2015**, at 5:00 p.m. Pacific Time (the "Deadline") is the deadline for any party to a contract or lease (the "Material Agreements") that Debtor proposes to assume and assign to Delivered.io (or other higher and better bidder at the auction) to object to the amount Debtor asserts must be paid to cure any existing defaults under the Material Agreements (the "Cure Amounts"). The Material Agreements and the Cure Amounts proposed by the Debtor will be set forth on an Assumption and Assignment Notice mailed to parties to those executory contracts or unexpired leases on or before **May 26, 2015**.

**PLEASE TAKE FURTHER NOTICE** that any party to a Material Agreement who disagrees with the Cure Amount or who objects to the assumption of its Material Agreement or to the assignment of its Material Agreement, must, on or before **June 1, 2015**, at 5:00 p.m. Pacific Time, file with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon 97204, a written objection stating the specific facts upon which the objection is based.

**PLEASE TAKE FURTHER NOTICE** that unless a timely objection is filed as to a Cure Amount listed on Exhibit 1 to the Assumption and Assignment Notice shall be binding upon the non-debtor party to such Material Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such Material Agreement. Further, unless a timely objection is filed, no further evidence shall be required to satisfy the requirements for assumption and assignment, including, without limitation, any further evidence of adequate assurance of performance by Delivered.io or other qualified purchaser, and the non-debtor party to the Material Agreement shall be barred from objecting to the assumption and assignment of

PAGE  2-    NOTICE OF (1) MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS ASSETS; (2) AUCTION; (3) BIDDING PROCEDURES; (4) SALE HEARING; AND (5) OBJECTION DEADLINES

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

such Material Agreement and shall be deemed to consent to the assumption and assignment of the Material Agreement.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Cure Amounts and Debtor's proposed assumption and assignment of the Material Agreements is scheduled to be held on **June 4, 2015** at 9:00 a.m. Pacific Time, or at such later time as may be announced at the auction by Debtor, in Courtroom 4 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that the Debtor is requesting the Court to waive the 14-day stay under Bankruptcy Rule 6006(d).

Copies of any of the pleadings or documents referenced herein may be obtained by contacting Christopher M. Sturgeon, assistant to Debtor's counsel (e-mail: csturgeon@portlaw.com; telephone: 503-417-0511).

DATED: _____, 2015

MOTSCHENBACHER & BLATTNER, LLP

By: /s/ Nicholas J. Henderson
    Nicholas J. Henderson, OSB No. 074027
    nhenderson@portlaw.com
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone:  (503) 417-0500
Facsimile:  (503) 417-0501

Proposed Attorneys for Debtor
Earth Class Mail Corporation

PAGE  3-    NOTICE OF (1) MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS ASSETS; (2) AUCTION; (3) BIDDING PROCEDURES; (4) SALE HEARING; AND (5) OBJECTION DEADLINES

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

1

**EXHIBIT 3**

2

**NOTICE OF ASSUMPTION AND ASSIGMENT OF
EXECUTORY CONTRACTS AND CURE AMOUNTS**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

Earth Class Mail Corporation,

             Debtor.

Case No.    15-30982-tmb11

NOTICE OF ASSUMPTION AND
ASSIGNMENT OF EXECUTORY
CONTRACTS AND CURE AMOUNTS

      Earth Class Mail Corporation ("Debtor") previously filed a motion for approval of the sale of all or substantially all of its assets to Delivered.io, Inc. ("Delivered.io") or such higher and better offers from qualified bidders at an auction scheduled for **9:00** a.m. on **June 2, 2015**. On _____, 2015, the Court entered an Order (1) Authorizing and Scheduling an Auction for the Sale of Substantially All Assets of the Debtor Free and Clear of Liens and Other Interests, (2) Approving Sale Procedures, (3) Approving Procedures For Assumption and Assignment of Executory Contracts and Unexpired Leases, (4) Directing Appointment of Consumer Privacy Ombudsman (the "Sale Procedures Order") [Dkt. ____] in connection with the sale and the auction, including procedures for the assumption and assignment of executory contracts. A copy of the Sale Procedures Order can be obtained from Debtor's counsel.

      **PLEASE TAKE NOTICE** that **June 1, 2015,** at 5:00 p.m. Pacific Time (the "Deadline") is the deadline for any party to a contract or lease (the "Material Agreements") that Debtor proposes to assume and assign to Delivered.io(or other higher and better bidder at the auction) to object to the amount Debtor asserts must be paid to cure any existing defaults under the Material Agreements (the "Cure Amounts"). The list of Material Agreements and the Proposed Cure Amounts are set forth on the attached **Exhibit 1**.

      **PLEASE TAKE FURTHER NOTICE** that any party to a Material Agreement who disagrees with the Cure Amount or who objects to the assumption of its Material Agreement or to the assignment of its Material Agreement, must, on or before **June 1, 2015**, file with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, Seventh Floor, Portland, Oregon 97204, with a copy to Debtor's counsel, a written objection stating the specific facts upon which the objection is based.

      **PLEASE TAKE FURTHER NOTICE** that unless a timely objection is filed as to a Cure Amount listed on **Exhibit 1**, the Cure Amount listed on **Exhibit 1** shall be binding upon the non-debtor party to such Material Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such Material Agreement. Further, unless a timely objection is filed, no further evidence shall be required to satisfy the requirements for assumption and assignment, including, without limitation, any further evidence of adequate assurance of performance by Delivered.io or other qualified purchaser, and the non-debtor party to the Material Agreement shall be barred from objecting to the assumption and assignment of such Material Agreement and shall be deemed to consent to the assumption and assignment of the Material Agreement.

PAGE  1-    NOTICE OF ASSUMPTION AND ASSIGNMENT OF
           EXECUTORY CONTRACTS AND CURE AMOUNTS

**PLEASE TAKE FURTHER NOTICE** that if a timely objection is filed, a hearing on the Cure Amounts and Debtor's proposed assumption and assignment of the Material Agreements will be held on **June 4, 2015,** at 9:00 a.m. Pacific Time, or at such time as may be announced at that time, at the United States Bankruptcy Court for the District of Oregon, Courtroom 4, 1001 SW Fifth Avenue, Seventh Floor, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that the Debtor is requesting the Court to waive the 14-day stay under Bankruptcy Rule 6006(d).

Copies of any of the pleadings or documents referenced herein may be obtained by contacting Christopher M. Sturgeon, assistant to Debtor's counsel (e-mail: csturgeon@portlaw.com; telephone: 503-417-0511).

DATED: _____, 2015

                               MOTSCHENBACHER & BLATTNER, LLP

                               By: /s/ Nicholas J. Henderson
                                 Nicholas J. Henderson, OSB No. 074027
                                 nhenderson@portlaw.com
                               117 SW Taylor Street, Suite 200
                               Portland, OR 97204
                               Telephone: (503) 417-0500
                               Facsimile: (503) 417-0501

                               Proposed Attorneys for Debtor
                               Earth Class Mail Corporation

| EXHIBIT 1 LIST OF EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED | | |
|---|---|---|
| **Name of Non-Debtor Counterparty** | **Description of Contract** | **Cure Amount** |
| Microsoft Corporation | Microsoft BizSpark Startup Agreement dated 7/2012, as amended by Graduation Amendment for Microsoft BizSpark Startup Program and related End User License Agreement. | $0.00 |
| Prime Recognition Corporation | PrimeOCR Software License Agreement dated 2/9/15 | $0.00 |
| iBridge LLC | Services Contract for Document & Data Processing dated 10/15/08 | $0.00 |
| Hot Shot Delivery | Lease Agreement dated 9/20/2010 (382 NE 191st Street, Miami, FL 33179) | $0.00 |
| Hot Shot Delivery | Lease Agreement dated 9/20/2010 (538 W. 21st Street, Houston, TX 77008) | $0.00 |
| Hot Shot Delivery | Lease Agreement dated 9/20/2010 (1608 S. Ashland Ave., Chicago, IL 60608-2013) | $0.00 |
| Flynn Realty Services, LLC | License Agreement dated 10/2009 (427 N. Tatnall Street, Wilmington, DE 19801) | $0.00 |
| 230 PAS (15 (Cliff)) L.L.C. and 230 PAS (RRPIII) LLC | Standard Form of Store Lease dated 4/2008 (228 Park Avenue South, New York, NY 10003) | $0.00 |
| Merrill Place LLC | Lease Agreement dated 10/4/2007 (93 South Jackson Street, Seattle, WA 98104) | $0.00 |
| Nimbus Center, LLC | Office Lease Agreement dated 12/19/12 (9450 SW Gemini Drive, Beaverton, OR 97008) | $0.00 |

**Motschenbacher & Blattner, LLP**
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone:  (503) 417-0500
Fax:  (503) 417-0501

| EXHIBIT 1 (Continued) LIST OF EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED | | |
|---|---|---|
| **Name of Non-Debtor Counterparty** | **Description of Contract** | **Cure Amount** |
| Santa Monica Center, Ltd. | Standrd Industrial/Commercial Multi-Tenant Lease – Net dated 5/27/08 (8605 Santa Monica Blvd., West Hollywood, CA 90069) | $0.00 |
| Flatiron Associates I | Retail Lease dated 5/16/08, as amended by the First Amendment to Lease dated 12/2/14 (548 Market Street, San Francisco, CA 94104) | $0.00 |
| James Wilson | Employment Agreement dated 9/24/14 | $0.00 |
| Stacey Lee | Employment Agreement dated 9/24/14 | $0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PAGE 2- NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND CURE AMOUNTS